**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES - GENERAL**

CASE NO.: CV 09-04172 SJO (SSx)                    DATE: July 27, 2009

TITLE:     Kimberly Levin, et al. v. American Film Institute, et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                          Not Present
Courtroom Clerk                                           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                               Not Present

========================================================================
**PROCEEDINGS (in chambers):**
ORDER REMANDING ACTION TO STATE COURT

   This matter is before the Court on Defendants American Film Institute ("AFI") and John Le Grande's (collectively, "Defendants") Notice of Removal, filed June 11, 2009.  For the following reasons, the Court REMANDS this action to state court.

I.     BACKGROUND

   Levin worked for AFI as a Media Services Technician from August 2006 to August 14, 2008, when AFI terminated her employment.  (First Am. Compl. ("FAC") ¶ 8.)  The terms of Levin's employment were governed by a collective bargaining agreement ("CBA") between AFI and the Motion Pictures Editors Guild Local # 700 IATSE.  (FAC ¶ 62.)  Levin alleges that she was physically harassed and discriminated against, and that she was terminated as retaliation for reporting the harassment and discrimination to her superiors.  (FAC ¶¶ 10, 16, 17.)

   Based on Defendants' alleged misconduct, Levin filed suit in the Superior Court of the State of California for the County of Los Angeles, alleging claims for: (1) Discrimination and Harassment in Violation of the Fair  Employment and Housing Act ("FEHA"); (2) Retaliation in Violation of the FEHA; (3) Retaliatory Termination in Violation of the FEHA; (4) Wrongful Termination in Violation of Fundamental Public Policy; (5) Breach of Written Contract; (6) Breach of Implied Covenant of Good Faith and Fair Dealing; (7) Failure to Take All Reasonable Steps to Avoid Harassment in the Workplace in Violation of the FEHA; (8) Assault; (9) Battery; (10) Intentional Infliction of Emotional Distress ("IIED"); and (11) Unfair Business Practice in Violation of Bus. & Prof. Code §§ 17200, *et seq.*  (*See generally* FAC.)  Defendants removed the action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, alleging that Levin's claims are preempted by § 301 of the Labor Management Relations Act.  (Defs.' Notice of Removal 1.)  Levin subsequently filed a motion for remand, set for hearing August 17, 2009.  In the motion, Levin states that she "has chosen to dismiss" the following claims: (1) Breach of Written Contract; (2) Breach of Implied

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** CV 09-04172 SJO (SSx)          **DATE:** July 27, 2009

Covenant of Good Faith and Fair Dealing; (3) Unfair Business Practice in Violation of California Business & Professions Code §§ 17200, *et seq.* (Pl.'s Mot. 16, 17.)

II.     **DISCUSSION**

Under 28 U.S.C. § 1441, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). In considering whether removal is proper, the Court is informed by two basic principles. First, the party seeking removal has the burden of establishing federal jurisdiction. *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir.1993). Second, statutes authorizing removal are to be strictly construed, with all doubts resolved against removal and in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). . 28 U.S.C. § 1331 gives federal courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 27–28 (1983); *see Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (internal citation omitted).

Under § 301, "[s]uits for violation of contracts between employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). § 301 preempts state law claims "founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987). Thus, "an application of state law is pre-empted by § 301 . . . only if such application requires the interpretation of a collective bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988); *see also Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 691 (9th Cir. 2001). However, "when the parties do not dispute the meaning of the CBA, the fact that a CBA will be consulted in the course of state law litigation does not require preemption." *Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 998 (9th Cir. 2007) (citing *Cramer*, 255 F.3d at 690–91). Instead, the relevant "question . . . is whether 'the state law factual inquiry . . . turn[s] on the meaning of any provision of the collective bargaining agreement.'" *Galvez v. Kuhn*, 933 F.2d 773, 776 (9th Cir. 1991). Nonnegotiable rights guaranteed to individual employees under state law are not preempted by § 301, for even if the CBA purported to authorize unlawful conduct, it would be unenforceable, and a court "need not interpret the CBA to arrive at [this] conclusion." *Cramer*, 255 F.3d at 696 (citing *Allis-Chalmers Corp.*, 471 U.S. at 213).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 09-04172 SJO (SSx)</u>   **DATE:** <u>July 27, 2009</u>

    A.   <u>The FEHA-Based Claims, the Wrongful Termination Claim, the Assault and Battery Claim, and the IIED Claim Are Not Preempted</u>.

"Anti-discrimination statutes [are] not preempted by [§] 301 because the right is defined and enforced under state law without reference to the terms of any collective bargaining agreement." *Chimel*, 873 F.2d 1283, 1286 (9th Cir. 1989) (citing *Ackerman*, 860 F.2d at 1517–8). The Ninth Circuit has held that a "discrimination claim for wrongful discharge in violation of California public policy and [the FEHA] . . . is not preempted by [§] 301. [Rather,] California's . . . discrimination law is a nonnegotiable right" that does not require "reference to the terms of any collective bargaining agreement." *Id.* Accordingly, the following claims based on violations of the FEHA are not preempted: (1) Discrimination and Harassment in Violation of the FEHA; (2) Retaliation in Violation of the FEHA; (3) Retaliatory Termination in Violation of the FEHA; and (4) Failure to Take All Reasonable Steps to Avoid Harassment in the Workplace in Violation of the FEHA.

Levin alleges that she was wrongfully terminated in violation of fundamental public policy, and she argues that the basis of this claim is California law, including: (1) Article I, § 8 of the California Constitution; and (2) California Government Code § 12940(a), (h), (j). (FAC ¶ 58.) Thus, Levin brings this claim pursuant to nonnegotiable state rights, and it is not preempted by § 301. *See Cramer*, 255 F.3d at 696.

"The prohibition against [assault and battery] exists independent of any contract, as does the state law standard defining their commission." *Galvez*, 933 F.2d at 777. Because "§ 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law," *Allis-Chalmers*, 471 U.S. at 212, Levin's claims for assault and battery do not require an interpretation of the CBA, and thus are not preempted. *Galvez*, 933 F.2d at 777.

Levin also brings a claim for intentional infliction of emotional distress ("IIED") against Defendants. (FAC ¶ 95–98.) In evaluating whether preemption was appropriate for a claim of IIED, the Ninth Circuit has explained that where a collective bargaining agreement does not "specify in what circumstances assault and battery might be permitted," because the "outrageousness . . . [of the conduct was] clear from the state's decision to make the behavior criminal," interpretation of the CBA is not required and IIED claims are not preempted by § 301. *Id.* at 790. Here, the CBA at issue does not specify under what circumstances assault and battery might be permitted. Thus, the resolution of this claim does not require interpretation of the CBA. Accordingly, Levin's claim for IIED is not preempted by § 301.

**CASE NO.:**   CV 09-04172 SJO (SSx)          **DATE:**  July 27, 2009

    B.    <u>Claims for Breach of Written Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Unfair Business Practice</u>

In her Motion to Remand, Levin states that she "elects to dismiss" and has "chosen to dismiss" the claims for: (1) Breach of Written Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Unfair Business Practice in Violation of California Business & Professions Code §§ 17200, *et seq.* (Pl.'s Mot. 16, 17.). The Court construes these statements as an application to dismiss these claims, and the Court grants such application. As these claims are the only ones that are arguably preempted by § 301, without them the Court lacks jurisdiction over the instant action.

III.    <u>RULING</u>

As the Court lacks jurisdiction over the instant action, the Court hereby REMANDS the action to the Superior Court of the State of California for the County of Los Angeles.

IT IS SO ORDERED.